LOTTINGER, Judge.
This is a suit on an insurance contract wherein plaintiff, Esther E. Breland, claims that her deceased husband converted a group life insurance policy, and defendant, United Insurance Company of America (United) denies conversion and coverage. From a judgment in favor of plaintiff, defendant has appealed.
The Trial Judge in written findings of fact and reasons for judgment found that th.e deceased husband had been employed by United for 10 years and was covered by their group policy from its inception (December 1, 1969). The group insurance required that the employee contribute monthly. In October of 1971, Mr. Bre-land became very ill and received benefits for 52 weeks under the disability phase of the group policy, and he was terminated from his employment on October 22, 1972, and thus no longer covered under the group policy. A 31 day period was allowed for converting the group term insurance to whole life, and this period began to run on October 31, 1972. The deceased was not informed as to when his conversion period began to run or that he had any rights under the policy at all, except that information contained in an initial booklet. On November 7, 1972, the defendant returned to the deceased his premium check and advised him that since his employment had terminated, he was no longer covered under the group policy. The deceased continued to forward in premium payments through June of 1973. On November 14, 1972, the decedent’s attorney wrote United requesting continued coverage and further requesting that he be supplied with a copy of the group master policy so that he could adequately advise his client. In reply United forwarded to the decedent’s attorney only a portion of the master policy which did not include the life insurance or conversion privilege portions. The Trial Judge further found as a matter of fact that a vice-president of United testified that if he would have received the letter of request of November 14, 1972, he would have treated it as extending the 31 day period for conversion, and would have felt a duty to mail the necessary conversion forms as a follow-up to this letter. The letter in part reads:
“This is to advise that Mr..Breland desires to continue his group insurance under the terms of the policy and to avail himself of the provisions of the policy to receive continued coverage upon the payment of the premiums.”
The Trial Judge concluded that this letter was a request for conversion of the group insurance. We see no reason to disagree with this conclusion.
The plaintiff alternatively contended that inasmuch as United was not only the employer of her husband, but also the insurer on the group insurance policy, it had a duty as employer to act in the best interest of her husband and inform him of his conversion privileges. Defendant contends that the duty does not exist under the facts of this case where the insured is an insurance salesman and is presumed to know of conversion privileges. The record points *816 out that the only group insurance policy that the deceased ever had any occasion to deal with was that under which he was insured.
The Trial Judge concluded that a duty did exist under the authority of Neider v. Continental Assur. Co., 213 La. 621, 35 So.2d 237 (1948). We agree.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
AFFIRMED.